UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

BOBBIE JANE SMITH,
    Plaintiff,
    v.
NANCY A. BERRYHILL,
    Defendant.

Case No. 18-cv-00887-VKD

**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEYS' FEES**

Re: Dkt. No. 36

Plaintiff's counsel, Robert C. Weems, moves for attorneys' fees pursuant to 42 U.S.C. § 406(b) for representing plaintiff Bobbie Jane Smith in her appeal of the Commissioner of the Social Security Administration's ("the Commissioner") denial of Social Security benefits. Dkt. No. 36. The Commissioner "takes no position" on the reasonableness of Mr. Weems's request for fees. Dkt. No. 37. After consideration of Mr. Weems's motion and the relevant legal authority, the Court determines that oral argument is unnecessary, Civ. L.R. 7-1(b), and grants the motion for attorneys' fees pursuant to § 406(b).

## I. BACKGROUND

This case stems from Ms. Smith's appeal of the Social Security Administration's ("the Administration") denial of disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381, et seq., and for supplemental security income under Title XVI of the Act for multiple claimed physical and mental impairments. Dkt. No. 34 at 1, 5. On September 30, 2019, the Court granted in part and denied in part the parties' cross-motion for summary judgment and remanded for further proceedings. Dkt. No. 34. Following remand, the Administrative Law Judge ("ALJ") found Ms. Smith disabled. Dkt. No. 36-3. On July 3, 2020,

Ms. Smith was notified that she had been awarded supplemental security income benefits from May 2013 through June 2020, and that she would receive $45,214.12 in past-due benefits. Dkt. No. 36-4 at 1–3.

Mr. Weems thereafter filed the now pending motion for attorneys' fees for work performed in this Court under § 406(b). Dkt. No. 36. Pursuant to Ms. Smith's and her counsel's fee agreement for this case, Mr. Weems says that he is entitled to receive 25% of total past due benefits under § 406(b), as well as any amount that may be awarded under the Equal Access to Justice Act ("EAJA"). Dkt. No. 36-2 at 1. Although it appears that Ms. Smith and the Commissioner signed a stipulation for an award of $6,500 in EAJA fees, that stipulation was never filed and no EAJA fees were awarded. Dkt. No. 36-1 ¶ 8; Dkt. No. 36-5. Now, Mr. Weems requests $4,803.53, which is the remainder after subtracting the $6,500 in EAJA fees that Ms. Smith could have received but did not from the $11,378.03 amount owed under the fee agreement. Dkt. No. 36 at 6.

On March 22, 2021, the Court issued an interim order requiring Mr. Weems to serve copies of his motion for fees and all supporting papers, the Commissioner's response, and the Court's order on Ms. Smith at her last known address, and to file a certificate of service pursuant to Civil Local Rule 5-5 attesting that he had done so. Dkt. No. 38. The Court further allowed Ms. Smith to file a response to Mr. Weems's request within 21 days of receiving the service copies. *Id.* Mr. Weems attests that his office served Ms. Smith via e-mail on March 23, 2021. Dkt. No. 39. To date, Ms. Smith has not responded to Mr. Weems's request, and the Court infers that she does not oppose it. The Commissioner neither assents nor objects to the motion and does not take a position on the reasonableness of the fees requested. Dkt. No. 37.

**II.     LEGAL STANDARD**

Section 406(b) provides that "[w]henever a court renders a judgment favorable to a [Social Security] claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee" to claimant's attorney; such a fee can be no more than 25% of the total of past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). A court may award such a fee even if the court's judgment did not

2

1    immediately result in an award of past-due benefits. For instance, where the court remands for
2    further consideration, the court may calculate the 25% fee based upon any past-due benefits
3    awarded on remand. *See, e.g.*, *Crawford v. Astrue*, 586 F.3d 1142, 1144 (9th Cir. 2009) (en banc).

Under § 406(b), a court must serve "as an independent check" on contingency fee agreements "to assure that they yield reasonable results." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808–09. The court's review of a fee agreement is based on the character of the representation and the results achieved, *see Gisbrecht*, 535 U.S. at 808, and may include consideration of the following factors: whether counsel provided substandard representation; any dilatory conduct by counsel to accumulate additional fees; whether the requested fees are excessively large in relation to the benefits achieved; and the risk counsel assumed by accepting the case. *See Crawford*, 586 F.3d at 1151–52.

A court must offset an award of § 406(b) attorneys' fees by any award of fees granted under the EAJA. *See Gisbrecht*, 535 U.S. at 796; *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1218 (9th Cir. 2012).

## III. DISCUSSION

Mr. Weems has demonstrated that the amount of fees requested is reasonable for the services rendered. *See Gisbrecht*, 535 U.S. at 807. First, while not dispositive, the fee agreement does not exceed the 25% threshold permitted under § 406(b), as the agreement provides that Mr. Weems will not ask for a fee of more than 25% of the total past-due benefits awarded. Dkt. No. 36-2 at 1.

With respect to Mr. Weems's performance or potential delay of proceedings to increase the amount of fees awarded, the manner in which Mr. Weems litigated this action gives the Court pause. None of Ms. Smith's summary judgment briefs was filed on time. Pursuant to the Court's February 13, 2018 procedural order, her initial summary judgment motion was due on October 29, 2018. *See* Dkt. Nos. 6, 20. Ms. Smith did not file her summary judgment brief by the required deadline. Instead, on November 5, 2018—a full week after her deadline had already passed—the

3

parties filed a stipulated request to extend Ms. Smith's deadline to December 13, 2018. Dkt. No. 22. The stipulated request provided no explanation for the delay or why Ms. Smith required an additional 45 days.[1] The Court denied the request and ordered Ms. Smith to file her motion by November 13, 2018. Dkt. No. 23.

When Ms. Smith again did not meet her filing deadline, the Court issued an order to show cause why the action should not be dismissed for failure to prosecute and required Ms. Smith to file a show cause response within a week. Dkt. No. 24. On November 20, 2018, Ms. Smith filed both her summary judgment motion and a show cause response from Mr. Weems. Dkt. Nos. 25, 26. The Court discharged the show cause order for good cause shown, observing that had Mr. Weems provided an explanation of the reasons supporting Ms. Smith's earlier request for extension of her deadline to file a motion for summary judgment, as Civil Local Rule 6-2 required, the Court would have been inclined to grant the extension. Dkt. No. 28.

The Commissioner filed her opposition brief on February 1, 2019, making Ms. Smith's reply brief due on February 15, 2019. Dkt. Nos. 31, 6. Ms. Smith failed to file her brief on February 15, 2019. On February 19, 2019, four days after her reply brief was due, the parties filed a stipulated request to extend Ms. Smith's reply brief deadline by an additional 20 days until March 7, 2019. Dkt. No. 32. Again, this request gave no reasons for the missed deadline or the requested extension, except that Mr. Weems "requires additional time to draft a motion for summary judgment."[2] *Id.* at 1. It was apparent to the Court that Ms. Smith merely recycled the deficient stipulation the Court previously denied for lack of good cause, without even bothering to change "motion for summary judgment" to "reply." *Compare id. with* Dkt. No. 22. The Court denied the request for lack of good cause and did not permit Ms. Smith to file a late reply brief. Dkt. No. 22.

This pattern of disregard for Court-ordered deadlines could qualify as substandard

---

[1] According to the billing records Mr. Weems submitted, he did not begin reviewing the administrative record until November 7, 2018, and his office did not begin drafting the summary judgment motion until November 12, 2018—after the initial filing deadline. Dkt. No. 36-5 at 1, 2.

[2] The billing records reveal that Mr. Weems's office did not begin drafting the reply brief until February 14, 2019, one day before the filing deadline. Dkt. No. 36-5 at 3.

4

performance for any attorney.  Nevertheless, the resulting delay was minimal due to the Court's denial of the requested extensions.  The Court ruled against Ms. Smith on all but one portion of one of her six summary judgment arguments, but Mr. Weems ultimately achieved favorable results for Ms. Smith, as the Court remanded this matter for further proceedings.  Although it is unclear why the fully signed stipulation for EAJA fees was never filed, Mr. Weems has disclaimed the amount that Ms. Smith could have obtained under EAJA had the stipulation been filed.  This discounted request is not excessive, as it amounts to only 10.6% of Ms. Smith's total past-due benefits.  Mr. Weems and his staff spent approximately 50 hours litigating this action before the Court, and the requested amount represents an effective hourly rate of less than $100 per hour.  Dkt. No. 36-5.

The Court finds that Mr. Weems assumed a substantial risk of not recovering any fees.  Ms. Smith and Mr. Weems entered into the contingency fee agreement concerning her appeal before this Court after the Administration examiner had already denied her initial applications and requests for reconsideration, the ALJ issued an unfavorable decision following a hearing, and the Appeals Council determined that it would not review the ALJ's findings.  Mr. Weems could not know at the time Ms. Smith retained his services for this appeal that it would result in remand to the Administration.

Accordingly, the Court finds that the amount of requested fees is reasonable.

## IV.  CONCLUSION

For the foregoing reasons, the Court grants Mr. Weems's motion for fees.  The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $4,803.53, payable to Robert C. Weems, Attorney at Law.  Mr. Weems shall promptly serve Ms. Smith with a copy of this order.

**IT IS SO ORDERED.**

Dated: May 10, 2021

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge